UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DeMONT R.D. CONNER

Petitioner,

v.

TIMOTHY O'DELL, Warden

Respondent.

Civil File No. 00-2434 (ADM/ESS)

**REPORT AND RECOMMENDATION**

---

DeMont R.D. Conner, Prairie Correctional Facility, Box 500, Appleton, MN 56208, Petitioner, pro se.

Bryan C. Yee, Esq., State of Hawaii Department of the Attorney General, 465 South King Street, Room B-2, Honolulu, Hawaii, 96813, for Respondent.

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's amended pro se application for habeas corpus relief under 28 U.S.C. §§ 2241. [Docket No.3]. Respondent has filed a motion and supporting memorandum asking the Court to dismiss the petition [Docket Nos. 9 and 10]. These proceedings have been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c)(1). For the reasons stated below, the Court recommends that the petition for writ of habeas corpus be dismissed with prejudice.

## I. BACKGROUND

Petitioner was incarcerated after judgment of convictions were entered by the State of Hawaii. On July 26, 1984, Petitioner received terms of life imprisonment for one count of Rape in

FILED 3-5-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the First Degree, two counts of Sodomy in the First Degree, and one count of Kidnapping. The sentences ran concurrently, and Petitioner was committed to the care and custody of the State of Hawaii. On August 23, 1984, Petitioner received a term of life imprisonment for two Counts of Attempted Murder, twenty years for two counts of Robbery in the First Degree, ten years for two counts of Kidnapping, ten years for two counts of Burglary in the First Degree, and five years for Sexual Abuse in the First Degree. The sentences ran concurrently, and Petitioner was committed to the care and custody of the State of Hawaii. Finally, on June 20, 1985, Petitioner received a term of life imprisonment for one count of Robbery in the First Degree, twenty years for two counts of Burglary in the First Degree and one count of Kidnapping, and ten years for one count of Assault in the Second Degree.

Hawaii Department of Corrections officials subsequently transferred Petitioner to the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota. The State of Hawaii sent Petitioner to PCF on or around November 11, 1998, pursuant to a contract with the City of Appleton Economic Development Authority and Corrections Corporation of America. Petitioner is one of several Hawaiian prison inmates who have been transferred to out-of-state prison facilities in recent months. Because of overcrowding in its own facilities, the Hawaii Department of Corrections has made contractual arrangements with institutions in other states to provide housing for Hawaiian inmates. PCF, a private prison operated by the Corrections Corporation of America, ("CCA"), is one of the facilities that has agreed to accept and house prisoners from Hawaii.

In Petitioner's present application for habeas corpus relief, he claims that the Warden at PCF, Timothy O'Dell, cannot legally detain him and should be ordered to release him immediately. The petition lists essentially three grounds in support of his demand for immediate release from custody:

(1) Minnesota cannot enforce the laws or punishments of other states, nor can Hawaii

exercise authority outside of its jurisdictional boundaries;

(2) Congress did not intend for private prison management firms or corporations to enforce laws of another state or jurisdiction; and

(3) Petitioner's liberty is being illegally restrained by the Respondent who has no authority to imprison, treat, punish, or to perform any duties as those akin to state corrections officers.

For the reasons discussed below, the Court concludes that the Petitioner is not entitled to habeas corpus relief on any of the grounds listed in his petition. It will therefore be recommended that this action be dismissed with prejudice.

## II. DISCUSSION

A. Exhaustion of State Court Remedies

Respondent contends that Petitioner's claims must be summarily dismissed because he has not exhausted his available state court remedies. See 28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). Assuming there are state court remedies available to Petitioner, the Court will not recommend that the instant petition be dismissed for non-exhaustion, for two reasons.

First the Court is not fully satisfied that the exhaustion requirement is applicable here. Because Petitioner is not challenging the validity of any state court judgment, it may be most appropriate to construe his petition as one brought under 28 U.S.C. § 2241, rather than § 2254. See Montez v. McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000) (describing § 2254 as the proper statutory basis for challenging the validity of a state prisoner's conviction or sentence, and § 2241 as the proper statutory basis for challenging the execution of a sentence). If the instant petition is construed to be a § 2241 petition, then exhaustion of state court remedies may not be required,

because § 2241 does not include an exhaustion clause comparable to § 2254(b).[1]

Furthermore, even if there are state court remedies available to Petitioner, the instant petition can still be properly adjudicated without exhaustion, pursuant to 28 U.S.C. § 2254(b)(2). That statute allows the Court to sidestep the exhaustion issue, if Petitioner's claims will be rejected on the merits in any event.[2] Because the Court does indeed conclude that Petitioner's claims must be denied on the merits, (for reasons discussed immediately below), this case need not be, and will not be dismissed for non-exhaustion.

B. The Statute of Limitations

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for

---

1

In Montez, the Court held that "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." 208 F.3d at 866. Although Montez cites three cases in support of this conclusion, none of the cited cases actually holds that exhaustion is necessary in § 2241 cases brought by state prison inmates. Two of the cases cited in Montez involved § 2254 petitions, rather than § 2241 petitions, and the third case involved a federal prisoner who was required to exhaust his federal administrative remedies–not his state court remedies.

Several courts have held that state pre-trial detainees must exhaust their state court remedies before seeking relief under § 2241. See Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999); Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975); Neville v. Cavanaugh, 611 F.2d 673, 675 (7th Cir. 1979), cert. denied, 446 U.S. 908 (1980). Those decisions, however, are based on abstention principles that would seem to apply only when a related state court case is still pending at the time when federal habeas corpus relief is sought under §2241. Where a prisoner's § 2241 claims are wholly independent of any pending state court proceedings, (which appears to be the case here), exhaustion presumably would not be mandated by abstention principles.

Thus, The Court has found no authority, (aside from Montez), indicating that the state prisoner must exhaust available state court remedies before filing a § 2241 petition challenging only the manner in which his sentence is being executed.

2

28 U.S.C. § 2254 (b)(2) provides that "[a]n application for awrit of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the states." Section 2241 does not expressly include a provision similar to § 2254(b)(2)–which is not surprising, given that § 2241 does not expressly include an exhaustion requirement. Nevertheless, if exhaustion of state court remedies is required under § 2241, the Court believes that a petition brought under that statute can properly be considered and denied on the merits without exhaustion, (provided no federal abstention principles are implicated), just as permitted by § 2254(b)(2). See Montez, 208 F.3d at 866 (applying § 2254(b)(2) in a case construed to be a § 2241 action).

habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[3]
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Respondent argues that the present petition is time-barred because Petitioner failed to file within the one year period of limitations mandated by 28 U.S.C. § 2244. Petitioner was moved to Minnesota on November 11, 1998, but failed to complete his own self-styled pleading [Docket No. 1] until October 30, 2000, and to file his actual petition [Docket No. 3] until November 27, 2000. Respondent points out that the filings occur approximately a year beyond the one year statute of

---

3 Nothing in Petitioner's submissions suggests that clauses (B), (C) or (D) of subsection 2244(d)(1) would have any applicability in this case. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief before now, nor is there any suggestion that Petitioner's claims are based on any newly-recognized constitutional right or newly-discovered evidence.

limitations, and that at no time was the statute of limitations tolled after it began running on November 11, 1998, or "the date on which the factual predicate of the claim or claims presented." Upon its review of the petition, the Court likewise does not see cause why the petition was not filed within the AEDPA limitations period, or an obvious grounds for tolling of the limitations period. While the Court finds that Respondent is correct and the current petition could be dismissed on those grounds, the Court will go on and address the merits of Petitioner's claims because this petition can be dismissed on the merits.

C. The Merits of Petitioner's Claims

Petitioner claims that the State of Hawaii cannot compel prisoners out of state pursuant to a contract with a private prison in Minnesota. However, Hawaiian law gives the Department of Corrections ("DOC") discretion to transfer prisoners at will, even to out-of-state private prisons. Section 353-16.2(a), Hawaii Revised Statutes (1999 Supp.) states as follows:

> Transfer of Inmates to private out-of-state institutions. (a) The director may effect the transfer of a committed felon to any correctional institution located in another state regardless of whether the state is a member of the Western Interstate Corrections Compact; provided that the institution is in compliance with appropriate health, safety, and sanitation codes of the state, provides a level of program activity for the inmate that is suitable, and is operated by that state, by any of its political subdivisions or by a private institution;. . . (emphasis added).

Subsection (b) goes on to confer clear authority upon the director to contract with out-of-state correctional institutions. Consequently, under state law, these places of confinement are within the normal range of places of confinement a Hawaiian prisoner may expect to serve his or her sentence with no liberty interest implicated. See also Sandin v. Connor, 515 U.S. 472, 486 (1995) (holding that the transfer of a prisoner from one prison to another, even if out-of-state and to a private prison, does not present an "atypical and significant hardship in relation to the ordinary incidents of prison

life" so as to implicate a liberty interest or due process concerns). These statutes indicate that while the prisoners are physically confined in an out-of-state location, they are still being held under the authority of Hawaii, and are still Hawaiian prisoners.

As a general matter, a state prisoner has no federal constitutional right to serve his sentence in any particular place of confinement and has no federal constitutional basis upon which to object to a simple administrative transfer from one facility to another, even if the transferee facility is located in another state. See Knecht v. Collins, 903 f. Supp. 1193 (S.D. Ohio 1995); Ali v. U.S., 743 F. Supp. 50 (D.D.C. 1990); Kivela v. United States Attorney General, 523 F. Supp. 1321 (S.D.N.Y. 1981). Federal constitutional guarantees, such as the right to due process, are not implicated by such transfers. See Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a state, he has no justifiable expectation that he will be incarcerated in any particular state. Often, confinement in the inmate's home state will be impossible due to overcrowding or a need to separate particular prisoners. For any number of reasons, a state may lack prison facilities capable of providing appropriate correctional programs for all offenders. See Olim v. Wakineoka, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The Supreme Court's decision in Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 2104-05 138 L.Ed.2d 540 (1997), addressed the long history of privately-managed correctional facilities in this country. The Court can find no authority for the proposition that the Hawaiian law authorizing out-of-state transfers or the State of Hawaii's contract with the Corrections Corporation of America runs afoul of federal law and limitations.

Petitioner characterizes his transfer to Minnesota as an unconstitutional extension of Hawaii's sovereignty and jurisdiction beyond its physical borders. This is not an accurate characterization of

his transfer to a private correctional facility in another state. Hawaii is simply contracting with an out-of-state private entity to house some of its inmates. Such compacts are not matters of federal concern because they do not increase a state's political powers at the expense of federal supremacy. See Ghana v. Pearce, 159 F.3d 1206, 1208 (9th Cir. 1998); Stewart v. McManus, 924 F.2d 138, 142 (8th Cir. 1991); Clemmons v. Read, 1996 WL 164408 *2-3 (N.D.Ill. 1996).

The Court finds no legal basis to grant Petitioner's instant petition on the grounds that he was transferred out-of-state pursuant to the statutes of Hawaii. To the contrary the Court notes the wealth of case law in other circuits holding that such transfers do not implicate a grant of habeas corpus relief. See Evans v. Holm, 114 F. supp. 706, 708 (W.D. Tenn. 2000).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for writ of habeas corpus relief [Docket No. 3], be **DENIED**; and
2. This action be **DISMISSED WITH PREJUDICE**.

Dated: March 2, 2001

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.